UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD AVENUE STATION, LLC,

    Appellant,

v.                                                                                          Case No: 8:20-cv-2780-CEH

THOMAS ORTIZ and FRANK KANE,

    Appellees.
_____/

## ORDER

This matter comes before the Court upon Frank Kane's Motion to Strike Thomas Ortiz's Initial Supplemental Brief [Doc. 44], Thomas Ortiz's Response[1] [[Doc. 45], and Frank R. Kane's Motion to Extend Time to File Supplemental Brief [Doc. 46]. Frank Kane has asked the Court to strike Mr. Ortiz's supplemental initial brief—for exceeding the page limit imposed by the Court in its May 5, 2021 Order allowing supplemental briefing—and to extend the time for its response. [Doc. 44 ¶¶ 4, 8-11]. In response, Mr. Ortiz has explained that the length of his filing was an oversight, and he has also requested that the Court allow him to file an initial supplemental brief that is within the length limitation of Rule 8015(a)(7)(B) of the Federal Rules of Bankruptcy Procedure, having only joined in Howard Avenue

---

[1] Mr. Ortiz's response is impermissibly joined with a motion, and the request for relief is not accompanied by a memorandum of legal authority as required by the Court's local rules. Given the multiple delays in the briefing of this matter, the Court will consider the arguments and requests of Mr. Ortiz, in the interest of completing the briefing in a timely manner.

Station's brief—out of caution so as not to waive his rights—until the record could be supplemented. [Doc. 45 ¶¶ 1-10]. He also requests that the Court allow Mr. Kane to file a response that is within the length limitation for Answer Briefs set forth in the Federal Rules of Bankruptcy Procedure and Federal Rules of Appellate Procedure. *Id.* ¶ 13.

Rule 8026, Federal Rule of Bankruptcy Procedure states that "[a] district court . . . may regulate practice in any manner consistent with federal law, applicable federal rules, the Official Forms, and local rules." Fed. R. Bankr. P. 8026(b). Pursuant to Rule 8015, "[a] principal brief must not exceed 30 pages, or a reply brief 15 pages." Fed. R. Bankr. P. 8015(a)(7), (b). Mr. Ortiz's initial supplemental brief exceeds this limit and the limit in the Court's order allowing supplementation. Upon consideration of Mr. Ortiz's explanation that he only joined in Howard Avenue Station's brief to preserve his rights pending supplementation of the record and his request to file a brief within the allowable limits of Rule 8015, striking his brief would be an extremely severe sanction that is unwarranted at this time. In fact, the request for a brief that complies with the page limits allowed by the rule is justified. As such, the Court will allow Mr. Ortiz one final opportunity to file an amended supplemental initial brief, which allows him to fully brief his issues on appeal. The Court will also provide Mr. Kane an opportunity to file a response that is within the page limits of Rule 8015.

The Court, however, reminds Mr. Ortiz that he is still bound by the rules of procedure, including the Court's local rules. *Moreno v. Serco Inc.*, 734 F. App'x 656, 658 (11th Cir. 2018) ("*pro se* litigants must still follow procedural rules"); *Jacox v. Dep't of*

2

*Def.*, 291 F. App'x 318 (11th Cir. 2008) ("Courts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to procedural rules."); *Michelson v. Sec'y, Dep't of Army Agency*, No. 20-14844, 2021 WL 2822289, at *1 (11th Cir. July 7, 2021) (noting that "when a *pro se* plaintiff fails to follow local court rules, the district court may *sua sponte* dismiss a case.").

Accordingly, it is hereby ORDERED:

1. Frank Kane's Motion to Strike Thomas Ortiz's Initial Supplemental Brief [Doc. 44] is denied.

2. Thomas Ortiz's request to file a brief and allow a response that comports with the page limitations of Rule 8015 [Doc. 45] is granted. Mr. Ortiz shall file an amended supplemental initial brief, not to exceed the page limits of Rule 8015, no later than August 3, 2021. Mr. Kane shall file a response, which complies with the page limits of Rule 8015, by August 17, 2021.

3. Frank R. Kane's Motion to Extend Time to File Supplemental Brief [Doc. 46] is denied as moot.

**DONE AND ORDERED** in Tampa, Florida on July 27, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any